UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES; TASKEM,

                Plaintiffs,

      -against-

ZELLE,

                Defendant.

25-CV-7454 (LTS)

ORDER DIRECTING PAYMENT OF FEE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. However, only a natural person can proceed IFP – not an artificial entity.[1] Plaintiffs submitted the complaint without the filing fees.

    Within thirty days of the date of this order, Plaintiffs must pay the $405.00 in fees. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

    No further action will be taken in this case, and no summons shall issue or answer be required, until the fees are paid. If Plaintiffs comply with this order, the case shall be processed

---

[1] *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

in accordance with the procedures of the Clerk's Office. If Plaintiffs submitted proper payment for this action before receiving this order, the case will proceed once that payment is processed.[2]

If Plaintiffs fail to comply with this order within the time allowed, or fail to seek an extension of time to comply, the action will be dismissed without prejudice to refiling.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 12, 2025
             New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] As William Scales has repeatedly been advised, however, an artificial entity like Taskem cannot proceed without counsel. *See, e.g., Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").